UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. MURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1236-AGF |
| | ) | |
| DARREN SHEETS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the application of Mark A. Murrell for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. ' 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. ' 1915(a). In addition, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a resident at the Sex Offender Rehabilitation & Treatment Services ("SORTS") facility in Farmington, Missouri, seeks monetary relief in this 42 U.S.C. ' 1983 action against SORTS employees Darren Sheets (an "aide"), Floyd Hoff (an "aide"), and Joseph Easter (a registered nurse). In addition, plaintiff seeks "to be transferred from SORTS."

Plaintiff alleges that defendants Sheets and Hoff failed to properly assist him in exiting a SORTS conversion van, causing him to fall and sustain injuries, and that defendants also failed to provide him with adequate medical care. More specifically, plaintiff states that Hoff and Sheets transported him to an eye care clinic on April 25, 2014, and that, while shackled, he attempted to exit the van without assistance and fell down the plastic steps "face first toward the [parking lot] asphalt pavement, which caused damage to the left side of [his] face, left forearm, and right

3

hand, along with a loss of consciousness briefly." Plaintiff states that Sheets and Hoff gave him paper towels to stop the bleeding and contacted defendant Easter, explaining that plaintiff had fallen, was "bleeding profusely," and had temporarily lost consciousness, and asking if he should be taken to the hospital. Plaintiff further alleges that Easter "responded not to take [him] to the hospital, but to bring [him] back to the facility and straight back to [his] ward." Plaintiff states that, upon arriving at the facility, "R.N. Andrea Wallon met us in front of the doctor building where after seeing [plaintiff] informed the aides not take [him] to [his] ward but to the facility clinic." Plaintiff provides no further facts.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. ' 1915(e)(2)(B). Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant=s capacity, Court must interpret the complaint as including only official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 71 (1989).

"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all named defendants, and therefore, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

As additional grounds for dismissing this action, the Court notes that, in order to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, the plaintiff "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Moreover, medical malpractice, inadvertent failure to provide adequate medical care, and negligence do not amount to a constitutional violation. *Dulany*, 132 F.3d at 1343.

Having carefully reviewed the complaint relative to the treatment plaintiff allegedly received after falling on April 25, 2014, the Court concludes that the

allegations simply do not rise to the level of deliberate indifference. Plaintiff alleges that immediately after falling, defendants Hoff and Easter assisted him in trying to stop the bleeding and contacted defendant Easter, who instructed them to bring plaintiff straight back to the Farmington facility. Upon their arrival, a nurse met them in front of the doctor building, where, upon examination of plaintiff, the nurse instructed defendants Sheets and Hoff not to take plaintiff to his ward, but rather, to the facility clinic. These facts simply do not state a § 1983 claim for the unconstitutional failure to provide medical care.

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. ' 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of August, 2014.

                                        */s/ Audrey G. Fleissig*
                                      **UNITED STATES DISTRICT JUDGE**